[Crim. No. 1028. Third Appellate District.—August 17, 1928.]

## THE PEOPLE, Respondent, v. STEVE CURRIE, Appellant.

M. B. Moore and Oliver J. Northup for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BARTLETT, J., *pro tem.*—The defendant was tried and convicted in the superior court of Shasta County, upon an information charging him with the crime of rape, and also charging him with a prior conviction of a similar offense, the charging part of the information being as follows:

"The District Attorney of the County of Shasta, State of California, hereby accuses Steve Currie of a felony, to-wit: rape, in that the said Steve Currie on or about the 2nd day of December, 1927, at Ingot, in the County of Shasta, State of California, did wilfully, unlawfully and feloniously, have and accomplish an act of sexual intercourse on and with one —— ——, a female human being, under the age of eighteen

years, to-wit, of the age of fifteen years, the said —— ——
not then and there being the wife of said Steve Currie.

"That the defendant, Steve Currie, before the commission of the offense charged in this information, was in the Superior Court of the State of California, in and for the County of Plumas, convicted of a felony, to-wit: rape."

On his arraignment defendant pleaded not guilty of the crime charged in the first count contained in the information, and guilty of the prior conviction contained in the second count of the information.

A trial was then had before a jury in said superior court, on which trial the jury failed to agree on a verdict, and defendant was again tried, the jury on this second trial rendering the following verdict:

"We the jury in the above entitled action hereby find the defendant, Steve Currie, guilty as charged in the information on file herein.

"E. D. CROSS, Foreman."

When the verdict was rendered the foreman of the jury stated to the court that the jury recommended that leniency be granted the defendant.

On being arraigned for judgment, defendant moved the court for a new trial on the following grounds: (1) That the court at and during the trial of said action misdirected the jury in matters of law; (2) That the court erred in the decisions of law arising during the course of the trial of the defendant; (3) That the verdict of the jury is contrary to law; (4) That the verdict of the jury is contrary to the evidence adduced at the trial; (5) That new evidence has been discovered by the defendant material to his defense and which he could not with reasonable diligence have discovered and produced at the trial.

At the time of presenting his motion for a new trial defendant asked that seven days be allowed him to file affidavits in support of his claim of newly discovered evidence, which request was denied by the trial court. Thereupon the court denied defendant's motion for a new trial and pronounced judgment that the said Steve Currie be punished by imprisonment in the state prison of the state of California at Folsom for the term prescribed by law, for the period of fifty years.

Thereupon defendant gave oral notice of appeal to this court from the judgment of conviction, and from the order denying the motion for a new trial, and from the order refusing an extension of time in which to procure and produce affidavits on his motion for a new trial, the appeal being presented upon a complete record of the proceedings had in and before the trial court on the trial of the action.

Many reasons are assigned by defendant for a reversal of the judgment and the granting of a new trial, but of these there is but one of material importance, which arises out of the failure of the trial court to instruct the jury of its duty, in the event of a conviction of defendant of the crime charged, to recommend whether defendant should be punished by imprisonment in the county jail, or by imprisonment in the state prison.

The only instructions given by the trial court relative to the verdicts which the jury could find in the case were as follows:

"If you believe from the evidence in this case beyond a reasonable doubt and to a moral certainty, that the defendant Steve Currie, at Ingot, in the County of Shasta, State of California, did accomplish an act of sexual intercourse with said —— ——, and that said —— —— was then and there a female under the age of eighteen years, and was not then and there the wife of the defendant Steve Currie as charged in the information, you will find the defendant guilty as charged in the information filed in this action.

"There will be two forms of verdict submitted to the jury, one form (omitting title of court and cause) Verdict of the jury. We the jury in the above entitled action hereby find the defendant, Steve Currie, guilty as charged in the information on file herein. Form two (omitting title of court and cause) Verdict of the jury. We, the jury in the above entitled action hereby find Steve Currie not guilty of the offense as charged in the information on file herein."

The testimony of the prosecuting witness is substantially as follows: That she was born at Walla Walla, Washington; that she was fifteen years of age on August 6, 1927; that she first met defendant about two miles north of Willows on either the last day of November or first day of December, 1927; that when she first met him she and a girl friend were walking along the highway towards Portland, Oregon;

that defendant was driving a car on the highway going north, no one being with him; that he stopped and asked plaintiff and her companion if they wanted a ride, to which they answered that they did and thereupon entered defendant's car; that they informed defendant they were going to Portland, and that he told them he was going to Ingot; that the meeting with defendant was about 8:30 A. M.; that they reached Ingot about 10:30 or 11 o'clock A. M., that they went to a Mrs. Amery's who conducted a kind of boarding-house at Ingot; that two men were there when they arrived, Lance Philp and Vern Currie, a brother of defendant; that they had dinner; that then Vern Currie and the girl companion of plaintiff left for Alturas; that after they left she and the defendant went to bed in the afternoon, the exact time of which she did not remember because of her having drunk liquor given her by defendant; that after going to bed she and the defendant had sexual intercourse; that she and defendant stayed that night in the room downstairs off the barroom; that after eight o'clock that evening Mr. and Mrs. Amery and their daughter came to the place; that she remained at the Amery place most of the time for two weeks sleeping downstairs in the front bedroom with defendant; that during this time she made two trips to Sacramento with defendant, the trips being made at the defendant's suggestion, and they occupying each time while in Sacramento room 25 in a hotel on Twelfth and K Streets; that the first trip was on the 4th of December; that the second trip was made on the 11th of December; that a number of Mexican laborers were with them on both trips; that they had sexual intercourse at the hotel where they stayed on both trips to Sacramento; that after the second trip to Sacramento and their return to Ingot she and defendant occupied a room together upstairs at the Amery house at Ingot until they were arrested on December 17, 1927.

Lance Philp, called on behalf of the People, testified that he was at the Amery place when the defendant and —— —— and her girl companion arrived there about noon of November 30th; that she was in and about the place all the afternoon; that —— —— was not intoxicated; that the door to the room in the front part of the house was not closed to

his knowledge; that they were playing the graphophone and seemed to be having a good time.

Defendant, testifying as a witness in his own behalf, admitted picking up the two girls on the highway and taking them to Ingot, but denied any acts of sexual intercourse with the prosecuting witness at any time; stated that he had gone from Ingot to Sacramento the evening preceding the date he picked them up; that he had had no sleep; that he arrived at Ingot about 10:30 or 11 A. M., had lunch and then went to bed and slept until 5 or 6 in the afternoon, and fixed the date of picking up the girls as December 2, 1927. He denied giving the prosecuting witness any liquor on the day they arrived at Ingot or at any other time. He stated that he went from Ingot to Sacramento on December 4th with some Mexican passengers and —— —— and a Mr. Alberson in his car, arriving at Sacramento about midnight; that one of the Mexicans paid —— ——'s fare, ten dollars for the round trip; that she and the passengers alighted on Second Street between K and L; that he and Alberson went to a place on T Street and that from there he went to a hotel at Twelfth and K Streets and occupied room 25 therein by himself that night; that he did not again see —— —— until the next morning about 10 or 11 o'clock when he and Mr. Alberson met her at a battery place on I Street between Fourteenth and Fifteenth, and that in the evening they returned to Ingot, arriving there about midnight. Defendant denied making any trip with the complaining witness to Sacramento on December 11th. He stated that he went from Ingot to Sacramento on the night of December 10th with a load of Mexican laborers, arriving at Sacramento about 3 A. M. of December 11th, that he went to the hotel at Twelfth and K Streets, registering there under the name of S. E. Freeman, and occupying room 25. He testified that he told the prosecuting witness at the time they went to Sacramento on December 4th that he was stopping at the hotel at Twelfth and K Streets, and to inquire for him there under the name of S. E. Freeman; that he told her this because she wanted to know what time he would leave for Ingot the next day and that he told her he did not know, on account of the work he had to have done on his car.

The housekeeper and manager of the hotel at Twelfth and K Streets was called as a witness for the defendant, and testified that she was manager of the hotel during the month of December, 1927; that defendant registered there on December 4th and on December 11th under the name of S. E. Freeman, occupying room 25 on both dates, and that no one was with him on either occasion.

The sheriff of Shasta County testified that the complaining witness gave him the number of the hotel she claimed to have stopped at in Sacramento with the defendant; that he took her with him to that city and that she pointed out to him the hotel at Twelfth and K Streets, which defendant stated he stayed at, at room 25 therein, as the place she claimed to have stopped at with defendant in Sacramento.

The foregoing *résumé* of the evidence illustrates its conflicting character, and shows clearly that the case is one in which the jury is called upon to designate by its verdict on the conviction of a defendant whether he shall be punished by imprisonment in the county jail or in a state prison, by virtue of the provisions of section 264 of the Penal Code.

It is the contention of the People on this appeal that the jury did not lawfully have any power to determine that punishment in this case on conviction should be by imprisonment in the county jail, by reason of subdivision 1 of section 667 of the Penal Code, which provides that where there has been a prior conviction of a felony, "if the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison for the maximum period for which he might have been sentenced, if such offense had been his first offense." To justify this contention would require that it be determined that a conviction for the crime of rape committed in violation of subdivision one of section 261 of the Penal Code is conviction of a felony, for subdivision 1 of section 667 of the Penal Code providing for a maximum period of punishment on second convictions cannot be construed as applying to any crimes except in cases where the first conviction was for a felony, which is a crime punishable with death or by imprisonment in the state prison as defined in section 17 of the Penal Code.

Prior to the amendment of section 464 of the Penal Code, approved May 19, 1913 (Stats. 1913, p. 213), rape was punishable by imprisonment in the state prison for not less than five years. The enactment of May 19, 1913, made rape punishable by imprisonment in the state prison not more than fifty years, except where the offense was under subdivision 1 of section 261 of the Penal Code and the female was over the age of sixteen years and under the age of eighteen years, in which case it was provided that the punishment should be by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years, and in such case it was provided that the jury should determine by their verdict whether the punishment should be by imprisonment in the county jail or in the state prison. In 1923, by an act approved May 8th of that year (Stats. 1923, p. 271), section 264 of the Penal Code was amended to read:

"264. Rape is punishable by imprisonment in the state prison not more than fifty years, except where the offense is under subdivision one of section 261 of the Penal Code, in which case the punishment shall be either by imprisonment in the county jail for not more than one year, or in the state prison for not more than fifty years, and in such case the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison, provided, that when the defendant pleads guilty of an offense under subdivision one of section 261 of the Penal Code the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years."

That it is the duty of the jury in a case of rape coming within the provisions of subdivision one of section 261 of the Penal Code to determine by their verdict whether the punishment therefor shall be by imprisonment in a county jail or in a state prison is declared by the decisions in the cases of *People* v. *Rambaud,* 78 Cal. App. 685 [245 Pac. 954], and *People* v. *Sachau,* 78 Cal. App. 702 [248 Pac. 960], the decisions in which were filed on July 14, 1926, and in both of which hearings in the supreme court were denied.

In *People* v. *Rambaud, supra,* the verdict of the jury was as follows: "We, the jury in the above-entitled cause, find the defendant, Louie Rambaud, guilty of the crime of rape,

as charged, and recommend that he be punished by imprisonment in the county jail.'' The trial court disregarded the recommendation of the jury and sentenced the defendant to imprisonment in state prison. On appeal the judgment was set aside and the cause was remanded to the lower court, with directions to resentence the defendant to the county jail of San Joaquin County for a period not exceeding that provided in the code.

In *People* v. *Sachau, supra,* defendant was charged with rape under subdivision one of section 261 of the Penal Code, and the jury returned the following verdict: ''We, the jury in the above entitled cause, find the defendant Joe A. Sachau guilty of the crime of rape, a felony, as charged.'' At the time fixed for pronouncing sentence the defendant moved that he be discharged from custody on the ground that the verdict of the jury was a nullity. The motion was denied and defendant was sentenced to imprisonment in state prison. Defendant appealed, assigning as reasons for a reversal of the judgment: (1) That the court did not fully instruct the jury as to the law applicable to the case; (2) That the jury did not return a verdict fixing the degree of the crime. The instructions given the jury in the trial court relative to the verdicts it might render were the same as those which are complained of in the case at bar. The judgment was reversed and a new trial ordered. At page 711 of the opinion the court says:

''As we have said, the trial court in the case at bar did not instruct the jury as to what it should or should not do under the provisions of section 264 of the Penal Code. That section does not read that the jury may do so and so, but it is mandatory in form and directs that the jury shall make certain recommendations. The defendant was entitled to have the jury correctly instructed as to its powers with relation to the verdict. That it was incumbent upon the jury to make recommendations, that it might recommend either incarceration in the state prison or the county jail, and that this is a substantive right which may not be disregarded appears to us to be beyond question. These are matters which the legislature has seen fit to entrust to the determination of the jury, whenever and wherever the female has given actual consent, though denied the power of giving legal consent. As said in many of the cases, the

circumstances under which the crime mentioned in subdivision 1 of section 261 of the Penal Code is committed are such that the ends of justice are subserved by a modified degree of the extent of the punishment.''

The contention of respondent that the words ''punishable by imprisonment in the state prison,'' used in section 667 of the Penal Code, make the provisions in section 264 of the Penal Code relative to the duty of the trial jury to fix the place of punishment in rape cases under subdivision one of section 261 of the Penal Code inapplicable where there is a second conviction of the crime of rape cannot be sustained. The crime of rape under subdivision one of section 261 of the Penal Code is a felony or misdemeanor according to the determination of the trial jury, where trial by jury is had, or by the court where a plea of guilty is interposed. Rape of the class here charged, on a first conviction is punishable in state prison or county jail as the jury determines when there is a trial by jury, and the jury must determine the defendant shall be punished by imprisonment in state prison before he can be sentenced to a state prison on a conviction in this class of cases of rape. When the jury in such cases of rape fixes imprisonment in a county jail as the punishment a defendant is not thereby convicted of a felony, and such conviction could not be pleaded against him in an information charging the commission of a subsequent offense.

Unless it prescribes that upon a first conviction a defendant must serve some term in a state prison, the crime of which he is subsequently convicted does not come within subdivision 1 of section 667 of the Penal Code requiring the imposition of a maximum imprisonment as has been imposed in this case, unless the jury determines on the second conviction that the defendant shall be punished by imprisonment in a state prison. The controlling factor making conviction of a subsequent offense necessarily punishable with a maximum term of imprisonment in state prison by reason of subdivision 1 of section 667 of the Penal Code, is what is the maximum imprisonment in a state prison that could be inflicted on the conviction if it was a first conviction.

It is plain that on a first conviction of rape under subdivision one of section 261 of the Penal Code, that the maximum term of imprisonment, where there is a conviction by a jury, turns on what the jury recommends as to the place

of punishment. There could be no term in state prison inflicted unless the jury so recommended.

It cannot be held that subdivision 1 of section 667 of the Penal Code either justifies or warrants a sentence for the maximum period of fifty years in cases of conviction of rape coming under subdivision one of section 261 of the Penal Code unless the trial jury recommends imprisonment in the state prison, or the trial judge so adjudges upon a plea of guilty.

The judgment and the order denying a new trial are reversed.

Plummer, J., and Finch, P. J., concurred.