225 P.2d 1020

**STATE v. O'DELL.**

No. 7666.

Supreme Court of Idaho.

Dec. 22, 1950.

Karl Jeppesen, Boise, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Blaine, Pros. Atty., Boise, for respondent.

KEETON, Justice.

Defendant (Appellant) was charged with and found guilty of grand larceny, Sec. 18-4604, I.C., and as a persistent violator, Sec. 19-2514, I.C. The jury specifically found that the defendant had formerly been convicted of burglary on two several occasions as charged.

On the verdict, the trial court adjudged the appellant guilty of being a persistent violator of law, Sec. 19-2514, I.C., and sentenced him to serve not less than five nor more than ten years in the State peniten-

tiary. From the judgment and sentence, the appellant prosecutes this appeal.

By assignments of error, the appellant contends; that a motion to strike that part of the information dealing with prior convictions should have been granted; that his objection to the introduction of proof of prior conviction (State's exhibits 3 and 4) should have been sustained; that instructions given by the court applicable to prior convictions of felony were error for the reason that exhibit 3 did not sustain the charge that defendant had been so convicted; that the verdict of the jury presumably based on admission in evidence of such exhibits constitutes reversible error.

The assignments of error, contentions, and argument of appellant present but a single question, i. e., had the appellant, prior to the charge preferred against him in this proceeding, been twice convicted of a felony within the meaning of Sec. 19-2514, I.C.?

Appellant argues that exhibit 3, introduced in evidence, proved the commission of a misdemeanor for all purposes after judgment. Hence exhibits 3 and 4 (evidence of prior convictions) were inadmissible. State's exhibit 3, after reciting arraignment and plea of guilty to burglary, and waiver of statutory time for pronouncing sentence, contains the following: "It is therefor ordered, adjudged and decreed, That the said Jewell O'Dell *is guilty of the crime of Burglary* in the Night Time and

that he be punished by imprisonment in the County Jail of Ada County, State of Idaho, for the term of six months * * *" (Emphasis supplied.)

State's exhibit 4, after similar recitals as are contained in exhibit 3, is as follows: "It is therefore ordered, adjudged and decreed, That the said Jewell O'Dell is guilty of the crime of burglary in the night time and that he be punished by imprisonment in the State's Prison of the State of Idaho for the term of Not less than 3 years nor more than 15 years."

Sec. 19-2514, I.C., provides: "Any person convicted for the third time of the commission of a felony, * * * shall be considered a persistent violator of law, * * *".

It is appellant's contention that the sentence imposed by the court on defendant's first conviction, burglary, State's exhibit 3, of six months in the county jail reduced the crime of burglary in the night time to a misdemeanor for all purposes after judgment. Hence as a corollary appellant had never been convicted of two prior felonies.

Sec. 18-111, I.C., is as follows: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

Did the sentence imposed, as shown by exhibit 3, reduce the crime of burglary to a misdemeanor within the meaning of the persistent violator statute? Sec. 19-2514, I.C. We hold that it did not.

■ "Convicted" as ordinarily used in legal phraseology as indicating a particular phase of a criminal prosecution, includes the establishing of guilt whether by accused's admission in open court by plea of guilty to the charges presented, or by a verdict or finding of a court or jury.

■ In a more technical, legal sense, conviction means the final conclusion of the prosecution against the accused, including the judgment and sentence rendered pursuant to a verdict or plea of guilty, and it is frequently used to denote the judgment or sentence. 24 C.J.S., Criminal Law, § 1556, pages 16 and 17; 20 Ruling Case Law 539. A person, after plea of guilty or verdict, has been convicted when the court decrees that he is guilty.

Exhibit 3, objected to by appellant, shows that, in a court of competent jurisdiction, the appellant was arraigned and pleaded guilty to an information charging him with burglary committed on or about the 27th of January, 1946; that he had no legal cause to show why judgment should not be pronounced against him. The court then adjudged him guilty of burglary and imposed a sentence. The court did not sentence the appellant to confinement in the state peni-

tentiary, but as authorized by Sec. 19-2601, I.C. (probation statute) substituted a lesser, not an alternate penalty. There could have been no adjudication of guilt until the appellant had either confessed his guilt or been found guilty by verdict of a jury.

■■ Sec. 19-2601, I.C., which extends to district courts the power to reduce the sentence provided by statute by confining the defendant in the county jail, or to suspend the execution of the judgment, or the pronouncement of sentence, or to withhold judgment and place the convicted person on probation at his discretion, is a humane provision, permitting the court, in proper instances, to exercise clemency in imposing sentence. The purpose of the statute is the reformation and rehabilitation of a defendant, particularly a first offender, and to give him an opportunity to reform and take his proper place in society. If a sentence is suspended or lessened, or other action taken by the court, after adjudging the defendant guilty, under this provision, it is not an *alternate* sentence within the meaning of Sec. 18-111, I.C., supra.

■ Sec. 18-1403, I.C., fixing the punishment for burglary, includes no alternate sentence, and Sec. 19-2513, I.C., imposes on the trial court the duty of fixing the maximum term of imprisonment provided by law. Hence, when the court, pursuant to plea of guilty or verdict of a jury, adjudges the defendant guilty of burglary, he has been convicted of a felony within the meaning of Sec. 19-2514, I.C. (persistent violator statute).

■ The words in Sec. 18-111, I.C., supra: "When a crime punishable by imprisonment in the state prison is also punishable by fine or imprisonment in the county jail, in the discretion of the court * * *." have no application here in determining the grade of the crime. The words above quoted refer to crimes which are either a felony *or* misdemeanor, depending on the sentence imposed. Thus, adultery, Sec. 18-6601, I.C., may be punished by a fine or jail sentence, *or* imprisonment in the penitentiary. Assault with a deadly weapon, Sec. 18-902, I.C., may be a misdemeanor, or a felony, likewise depending on the sentence. There is no alternate sentence for burglary. Punishment fixed by statute is exclusive.

■ Where the statute expressly provides that the punishment for a designated crime *may* be in the penitentiary *or* by fine, *or* jail sentence, then the provisions of Sec. 18-111, I.C., supra, would have application as to whether or not the particular offense were a felony or a misdemeanor, depending on the sentence imposed, not otherwise.

■ And, where the statute defines the crime as a felony with no alternate sentence, the punishment actually imposed is not controlling in determining whether the crime is a felony or a misdemeanor.

■ It therefore follows, the test to be applied as to whether a crime is a felony or a misdemeanor, where no alternate sen-

tence is provided by law, is the punishment that may or should be inflicted and not that actually imposed. State ex rel. Anderson v. Fousek, 91 Mont. 448, 8 P.2d 791, 84 A.L.R. 303; State v. Stiff, 148 Kan. 457, 83 P.2d 424; Kelley v. State, 204 Ind. 612, 185 N.E. 453; 24 C.J.S., Criminal Law, § 1960, page 1150.

Sec. 19-2514, I.C., supra, is worded without ambiguity. The only condition requisite to establish the status of a persistent violator is that the accused shall have been convicted the third time of a felony.

In this respect the Idaho Statute differs from the California Statute covering the same subject matter. Sec. 644, Deering's Penal Codes of California, contains a provision making serving time in the penitentiary a prerequisite to one being a persistent violator of law. Our code contains no such provision. Hence, People v. Murray, Cal.App., 108 P.2d 748 and People v. Currie, 93 Cal.App. 544, 269 P. 770 are not authorities in conflict with the view herein expressed. Likewise, in cases cited by appellant where an alternate punishment was authorized by law, the California court held that imposing the lesser penalty reduced the crime to a misdemeanor. Thus, People v. Rowland, 19 Cal.App.2d 540, 65 P.2d 1333, the crime of the unlawful taking of an automobile was defined as a felony, Motor Vehicle Act of California, Sec. 503, with an alternate penalty on conviction of not exceeding five years' imprisonment in the penitentiary or a fine of not more than $5000.00. The penalty imposed in that case was a fine of $1080.00, and in default of payment, confinement in the county jail. The court held that due to the penalty imposed, the accused had been convicted of a misdemeanor for all purposes after judgment, and within the meaning of the habitual criminal statute.

We therefore conclude that the exhibits complained of are sufficient to establish that the appellant had formerly been twice convicted of a felony; that where the statute defines the crime as a felony and provides no alternate sentence, the punishment actually imposed under the commutation provisions of Sec. 19-2601 I. C., is inconsequential and does not reduce the offense from a felony to a misdemeanor because the mandatory punishment was lessened by reason of said section. Judgment is affirmed.

GIVENS, C. J., PORTER and TAYLOR, JJ., and McDOUGALL, D. J., concur.