Argued September 25, reversed and remanded November 2, reversal and remand withdrawn, judgment affirmed, petition for rehearing denied December 10, 1970, petition for review denied February 23, 1971

# STATE OF OREGON, *Respondent*, *v*. RICHARD ARTHUR BOUTHILLIER, *Appellant*.

476 P2d 209
479 P2d 512

*John Toran, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

LANGTRY, J.

Defendant appeals from conviction of illegal possession of narcotics. ORS 474.020. He assigns four alleged errors. Only one appears to have merit, and it requires reversal; therefore, we will not consider the others.

Defendant and one Snedeker were present in a house when officers arrived with a warrant for Snedeker's arrest for an armed robbery. One of the officers testified that as he entered the house defendant was sitting in a chair and made a sudden movement with his right hand, depositing something under the chair. The officer said he looked for and found the object after Snedeker's arrest was secured. The object was a bottle containing pills and marihuana. The state's proof of possession against defendant was dependent entirely upon the one officer's testimony.

Defendant denied he had had the bottle. Snedeker was called as a defense witness, and he contradicted the officer's testimony. On cross-examination Snedeker was asked if he had been convicted of a crime, and he answered "No." Over objection, the court allowed the prosecution to introduce copies of an indictment, arraignment order, and trial order entering a jury ver-

dict of guilty in the armed robbery case for which he had been arrested on the day in question. No sentence or judgment based on the jury verdict had yet been entered, as the court where Snedeker was tried was awaiting a presentence report. Defense counsel made continuing objections and appropriate motions for a mistrial.

ORS 45.600 provides:

"A witness may be impeached * * * it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

The question here simply is whether an order entering a jury verdict is a "record of the judgment" for purposes of witness impeachment under the statute. The question has not been decided in Oregon.[1]

Some courts have held that a jury's verdict of guilt upon which sentence has not been pronounced may be received for impeachment purposes. Cases from Arizona, Arkansas, California and Illinois, supporting this view are cited in an Annotation, 14 ALR 3d 1272 (1967). Cases from Indiana, Nevada, New York, Pennsylvania, and two federal courts supporting the contrary view also are cited.

We think we are bound by the particular wording of the Oregon statute, ORS 45.600, which limits the showing to examination of the witness or a "record of the judgment."[2] The words "conviction" or "judg-

---

[1] The Oregon court discussed closely allied questions in State v. Bacon, 13 Or 143, 9 P 393, 57 AR 1 (1886), and State v. Ede, 167 Or 640, 117 P2d 235 (1941).

[2] Wigmore, with reference to this and related topics, says:

"The state of the law * * * illustrates the truth (not as often judicially appreciated as it ought to be) that there are

ment" may have various meanings, dependent upon the context in which they are used.

· 1. If, for some fatal defect in the proceeding or the indictment, the trial court were to arrest judgment after a jury verdict of guilty, or the jury verdict were otherwise rendered nugatory before final judgment of the court, the defendant in such a case would not be convicted for purposes of Oregon's enhanced penalty act. ORS 168.015. *State v. Hoffman*, 236 Or 98, 103, 385 P2d 741 (1963). We construe statutes dealing with the same subjects *in pari materia. State v. Powell*, 212 Or 684, 689, 321 P2d 333 (1958).

■ The language used by the Nevada Supreme Court in *Fairman v. State*, 83 Nev 287, 429 P2d 63 (1967), in a case exactly in point on the facts about the former conviction, appears appropriate to the case at bar:

"* * * Proper evidence of the prior conviction, in the event he [the witness] denies such past history, is the record of a judgment of conviction. 3 Wigmore, Evidence § 980 (3rd. Ed. 1940).

"A verdict of the jury is not a judgment of the court, nor is it the final determination * * *." 83 Nev at 289.

The court held that it was error for the prosecution to ask a question about the former conviction when it knew there was a jury verdict of guilty but that sentence and judgment had not yet been entered. The court also held that the error was harmless inasmuch as the trial judge, at the point where the prosecution

---

half a hundred independent jurisdictions within our boundaries, and that it is impossible to make use of all the rulings as though they were valid precedents for every jurisdiction * * * The greatest judicial service that can be rendered today is to keep the line of precedents clear and inflexible in each jurisdiction." 3 Wigmore, Evidence 572, § 987 (3d ed 1940).

was producing evidence of the jury verdict, realized the error and sustained defense objections, telling the jury to disregard the previous questions and answers. A strong dissent, on the ground that the damage has been done and a mistrial should have been granted, was written by Mr. Chief Justice Thompson.

■ In the case at bar the error was not corrected. Snedeker's testimony placed in issue the truth of the most crucial facts the prosecution sought to prove against defendant. In closing argument the prosecutor emphasized Snedeker's previous "conviction" as he argued that the jury should believe the officer, and not believe Snedeker. Therefore, we cannot hold the error harmless.

Reversed and remanded for a new trial.

### ON PETITION FOR REHEARING

Petition for rehearing. The Court of Appeals, Langtry, J., held that error involved in allowing evidence of a jury conviction of defense witness on which judgment had not been entered, though not harmless at the time, became harmless when witness was subsequently sentenced on conviction and judgment was affirmed by the Court of Appeals.

Reversal and remand for a new trial withdrawn and judgment affirmed.

150

Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem, for petition.

No appearance contra.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

4. In a petition for rehearing, the state agrees with our determination of the principal question involved in this case. However, the state contends that the error was harmless because Snedeker has since been sentenced on the conviction and the judgment has been affirmed by this court and mandate has issued. *State v. Snedeker,* 3 Or App 482, 474 P2d 770 (October 2, 1970). On a new trial Snedeker's credibility could be impeached just as it was in the previous trial, this time without error. We agree that the error involved in allowing evidence of a jury conviction of Snedeker on which judgment has not been entered, though not harmless at the time, has been rendered harmless by the judgment subsequently entered. No meritorious object would be served by a new trial. Defendant has not been prejudiced by the error and the judgment should be affirmed. *State v. McLean,* 1 Or App 147, 459 P2d 559 (1969), *aff'd* 255 Or 464, 468 P2d 521 (1970).

The reversal and remand for a new trial are withdrawn.

Judgment affirmed.