554 P.2d 934

The STATE of Idaho, Plaintiff-Respondent,

v.

Edward W. CHAUNCEY, Defendant-Appellant.

No. 11978.

Supreme Court of Idaho.

Sept. 21, 1976.

Robert C. Montgomery of Matthews & Lee, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal in a criminal case from the imposition of a sentence ordered to run consecutively with a prior imposed sentence. The sole question presented is the authority of the court to order consecutive sentences. We affirm.

On May 12, 1975, defendant-appellant Chauncey appeared before District Judge Callister and entered a plea of guilty to an information charging him with burglary in the first degree of a business establishment in Boise, Idaho. On May 13, 1975, he appeared before District Judge W. E. Smith and entered a plea of guilty to a separate information charging him with first degree burglary of a different business establishment. In each appearance the respective judge after questioning the defendant accepted the plea.

On June 2, 1975, Judge Callister entered a judgment of conviction on the first charge and sentenced him to a term of imprisonment not to exceed 15 years. On June 3, 1975, Judge Smith entered judgment of conviction on the second charge and sentenced the defendant to a term of imprisonment not to exceed 15 years and ordered that sentence to run consecutively with the sentence imposed by Judge Callister on the first charge. Defendant's sole argument is that the court lacked authority to order consecutive sentences.

I.C. § 18–308 provides that: "When any person is convicted of two or more crimes before sentence has been pronounced upon

him for either * * *" then the sentence for the second may be ordered to run consecutively with the first. Appellant argues that conviction of the first charge occurred when Judge Callister entered judgment of conviction and sentence on June 2, 1975, that conviction of the second charge occurred on June 3, 1975, when Judge Smith entered judgment of conviction and sentence and thus he had not been convicted of the second crime prior to the time sentence was pronounced for the first crime. Therefore, he argues that the circumstances do not fall within the paramters described in I.C. § 18–308 and the court lacked authority to order consecutive sentences. On the contrary, the state argues that conviction occurs when the guilty plea is entered and accepted and thus appellant was convicted of the first charge on May 12 and the second charge on May 13, and therefore convicted of two crimes prior to the pronouncement of sentence upon either. Thus, the state concludes the court was free to order consecutive sentences under the authority of I.C. § 18–308. It is also argued that irrespective of statute the court's power to impose consecutive sentences is authorized by the common law. 24B C.J.S., Criminal Law § 1994 (1962) and 21 Am.Jur.2d, Criminal Law § 547 (1965). We specifically refrain from addressing that issue since our disposition is reached under I.C. § 18–308.

 Generally, "judgment" and "sentence" follow "conviction" as separate and distinct aspects of criminal process. *Roberts v. State*, 197 Kan. 687, 421 P.2d 48 (1966); *Samples v. State*, 337 P.2d 756 (Okl.Cr.1959); *State v. King*, 18 Wash.2d 747, 140 P.2d 283 (1943). We hold that for the purposes of I.C. § 18–308 conviction occurs when the defendant pleads guilty and that plea is accepted by the court. *See also*, 5 Wharton, Criminal Law & Procedure, § 2176 (1957); *Gutierrez v. Immigration & Naturalization Service*, 323 F.2d 593 (9th Cir. 1963); *United States v. Rosenstengel*, 323 F.Supp. 499 (E.D.Mo. 1971); *State v. Fedder*, 1 Utah 2d 117, 262

P.2d 753 (1953); I.C. §§ 19–2305; 19–2311, 19–2319, 19–2408, 19–2507, 19–2519.

Appellant argues that *State v. O'Dell*, 71 Idaho 64, 225 P.2d 1020 (1950) and *State v. Cliett*, 96 Idaho 646, 534 P.2d 476 (1975), dictate a contrary result. We disagree. We do not interpret *O'Dell* to hold that conviction does not occur until after judgment has been entered and we deem *Cliett* to be clearly distinguishable since that holding dealt only with the evidentiary impact of a withheld judgment.

 Herein the trial court correctly held that for the purposes of I.C. § 18–308 Chauncey was convicted when his plea of guilty was tendered and accepted, and thus that court was empowered to impose consecutive sentences.

Affirmed.