681 P.2d 6

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Danny L. KNIGHT, Defendant-Appellant.**

No. 15130.

Court of Appeals of Idaho.

May 8, 1984.

G. John Traylor, Fort Hall, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Danny Lee Knight was charged with first degree arson for setting fire to a dwelling in late 1982. I.C. § 18–801. He pled guilty, as a result of a plea bargain agreement, and was sentenced to the custody of the Board of Correction for an indeterminate term not to exceed twenty years. Knight has appealed, contending the sentence was too harsh. The state contends that the appeal was not timely and should be dismissed. We hold that the appeal was timely. We affirm the sentence.

A judgment of conviction containing the sentence pronounced was entered by the district court on April 11, 1983. Knight then had forty-two days in which to file an appeal. However, at the time Knight was sentenced, I.A.R. 14(a) provided in part:

> The time for an appeal from any judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action ... in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

On May 16, 1983, Knight filed a motion, under Idaho Criminal Rule 35, to correct or to reduce his sentence. This motion was denied on June 1. On July 7th Knight filed a notice of appeal from the judgment and from the order denying his motion.

The state argues that the notice of appeal was filed more than forty-two days after the entry of judgment and was therefore not timely. However, if a motion to reduce a sentence under I.C.R. 35 is one which terminates the time for filing an appeal under I.A.R. 14(a), the appeal period commenced on June 1. The appeal, filed on July 7, would then have been timely. If it is not such a motion, the time for filing this appeal from the judgment expired on May 23. We would then be precluded from reviewing the alleged excessiveness of the

sentence when it was originally pronounced. *State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982). We would only have jurisdiction of the appeal from the order denying the motion to reduce the sentence. Our review then would be narrowed to the question of whether the sentence was excessive in light of new circumstances arising in the interval between pronouncement of the sentence and the date of hearing the motion. *Id.* at 888, 655 P.2d at 95.

Idaho Criminal Rule 35, at the time Knight made his motion, provided:

The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

The question thus becomes whether a motion to reduce a sentence is a motion that could "affect ... any judgment" within the meaning of I.A.R. 14(a).

 "In its technical legal signification 'sentence' is ordinarily synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted."[1] *State v. King*, 18 Wash.2d 747, 140 P.2d

283, 286 (1943). *Accord People v. Ventura*, 84 Cal.App.3d Supp. 8, 148 Cal.Rptr. 581 (1978); *Vigil v. State*, 563 P.2d 1344 (Wyo.1977). *But see Thornton v. State*, 576 S.W.2d 407 (Tex.Cr.App.1979). More particularly, a sentence is part of the judgment. *See* I.C. § 19-2501. In *Vigil v. State, supra,* the Wyoming Supreme Court stated:

The final judgment in a criminal case means sentence. The sentence is the judgment. *Berman v. United States*, 1937, 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204. This is consistent with Rule 33(b), W.R.Cr.P., providing that, "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. * * *" There is no judgment against the defendant until sentence is pronounced.

563 P.2d at 1349. Wyoming's rule 33(b) is virtually identical to I.C.R. 33(b).

The 1983 version of I.A.R. 14(a) lends further support for the proposition that filing a rule 35 motion will terminate the time for appeal from the judgment of conviction. In amending that rule, our Supreme Court recognized the terminology differences between civil and criminal judgments by addressing each separately:

The time for an appeal from any *civil judgment*, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action ... in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion. The time for an appeal from any *criminal judgment*, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days[2] of the entry of

1. This does not mean that a conviction—the adjudication of guilt—necessarily must be made at the same time and in the same instrument as the pronouncement of sentence. Where a lengthy presentence investigation is required, or where other valid reasons exist for a delay in sentencing, we believe a judge may enter a conviction in the record and later pronounce the sentence by separate instrument. *See State v.*

*Chauncey,* 97 Idaho 756, 554 P.2d 934 (1976). The instruments adjudicating guilt and setting forth the sentence, taken together, would comprise the judgment.

2. The former rule, applicable here, did not require the motion to be filed within fourteen days. It only required "a timely motion." Because an I.C.R. 35 motion to reduce a sentence

the judgment which, if granted, could affect the judgment, order *or sentence* in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion. [Emphasis and footnote added.]

▮ We therefore conclude that a timely motion to reduce or to correct a sentence under I.C.R. 35 is a motion which, if granted, could affect the judgment in the action. As such, Knight's motion terminated the time for filing an appeal in this case on May 16. The appeal period commenced again upon the denial of the motion on June 1. Additionally, we are compelled to read the rule as providing that the entire forty-two-day appeal period begins to run anew. *Cf. Barnes v. Hinton,* 103 Idaho 619, 651 P.2d 553 (Ct.App.1982) (we have no power to change the plain meaning of a *statute* ). Therefore, an appeal filed on July 7, thirty-six days after the order denying the motion, was timely. We now turn to the question of whether the twenty-year indeterminate sentence was unduly harsh.

▮ Knight was sentenced to the maximum term of years allowed by law for first degree arson, I.C. § 18–801, although he was given an indeterminate rather than a fixed sentence. Because the sentence did not exceed the statutory maximum, it will not be disturbed on appeal unless Knight shows that the district court clearly abused its discretion by imposing that sentence. We presume that Knight's actual term of confinement will be at least one-third of his twenty-year indeterminate sentence. Thus the question is whether confinement of such duration is reasonable. *Heck v. State,* 103 Idaho 648, 651 P.2d 582 (Ct.App. 1982). A "term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,*

103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Knight must therefore demonstrate that under any reasonable view of the facts his sentence was excessive. *Id.*

▮ The presentence report reveals a relatively extensive prior criminal record. Included are convictions in Ohio for attempting to burn property, auto theft and violation of the Dyer Act, grand larceny, breaking and entering, and theft. The report further discloses one probation violation and one parole violation. A psychologist's report, made part of the record at the arraignment for sentencing, stated:

Mr. Knight's profile suggests that he has considerable difficulty controlling his behavior and delaying gratification. If he wants something, he appeared to be very intolerant of the limits that prevent him from getting his own way. Mr. Knight showed a strong similarity to persons who engage in angry or violent activities when their needs are not being met.

In addition, damage to the house to which Knight set fire, and to its contents, was extensive.

In mitigation, Knight first claims provocation in that he believed the owner of the house was having an affair with his wife. Second, Knight knew the owner of the house was not at home when he set fire to it. Finally, it was Knight himself who turned in the alarm. Approximately one hour after he set the fire, Knight had second thoughts and drove to a police station to report it.

Nevertheless, we cannot say that the district court erred in imposing a twenty-year indeterminate sentence. The court stated:

[Y]our whole record, your prior crimes, your method and manner of reacting to society around you in an angry and violent manner is to commit crimes. You would be an undue risk for me to turn loose right now. No question about it. * * * You're still having problems. I don't know that within the maximum I could give you, twenty years, that you

can be filed within 120 days of the sentence order, it would be "timely" under former I.A.R.

14(a) only if filed before the time for taking an appeal (forty-two days) had expired.

will ever be all right. But I can't say that sooner than that that you will not be.

The court also considered the deterrent factor of a stiff sentence. Finally, the district court noted the risk of injury or death to the public in general, and firefighters in particular, caused by Knight's act of setting the house on fire. He also observed that, while Knight knew the owner was not home when the fire was set, there could have been some person in the basement of the home at the time.

We believe that a reasonable view of the facts in this case will support an indeterminate sentence of not to exceed twenty years. Therefore, we hold that the sentence, when pronounced, was not excessive. We likewise hold that no abuse of discretion has been shown in the denial of Knight's motion to reduce his sentence. Accordingly, we affirm the judgment, sentence and the subsequent order of June 1, 1983.

WALTERS, C.J., and BURNETT, J., concur.