144 P.3d 28

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Guy Michael COOK, Defendant–Appellant.**

No. 31642.

Court of Appeals of Idaho.

June 2, 2006.

Review Denied Sept. 22, 2006.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appel-

late Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

PERRY, Chief Judge.

Guy Michael Cook appeals from his judgment of conviction for unlawful purchase of a firearm. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

On May 7, 2004, Cook pled guilty to possession of methamphetamine. On May 11, the county sent Cook a certified letter informing him that his concealed weapons permit had been revoked. On June 14, 2004, before he was sentenced on the methamphetamine charge, Cook purchased a semiautomatic handgun, shotgun, knife, battle-axe, and air pistol from a pawn shop.

While Cook awaited sentencing, he moved to withdraw his previous guilty plea to possession of methamphetamine, but the district court denied his motion. The state charged Cook with unlawful purchase of a firearm. I.C. § 18–3316. The information was thereafter amended to include a separate charge of unlawful possession of a firearm. I.C. § 18–3316.

Cook waived his right to a jury trial. At the conclusion of a bench trial, the district court granted a motion to suppress evidence that effectively disposed of the unlawful possession of a firearm charge. The district court then found Cook guilty of unlawful purchase of a firearm. Cook appeals, asserting that the charging information was jurisdictionally deficient and challenging the sufficiency of the evidence.[1]

1. Cook originally asserted in his opening brief that the district court failed to make a factual finding that Cook "knowingly" purchased two

## II.

### ANALYSIS

#### A. Subject Matter Jurisdiction

Cook asserts that the amended information filed by the state was jurisdictionally defective. Cook argues that, because the information failed to specify the general intent element, the information was insufficient to confer subject matter jurisdiction to the court. Cook also contends that, because the intent element was absent, it lowered the state's burden of proof at trial. Cook did not object to the information before or at trial and raises this issue for the first time on appeal.

Idaho Code Section 18–3316(1) provides:

A person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony and shall be imprisoned in the state prison for a period of time not to exceed five (5) years and by a fine not to exceed five thousand dollars ($5,000).

The relevant portion of the amended information filed in the instant case charged Cook as follows:

COUNT I, UNLAWFUL PURCHASE OF A FIREARM, Idaho Code § 18–3316

. . .

That the defendant GUY MICHAEL COOK, on or about the 14th day of June, 2004, in the County of Kootenai, State of Idaho, did purchase a firearm, to-wit: a shotgun and/or a semi-automatic pistol, knowing that he had been convicted of Possession of Methamphetamine on May 7, 2004, in Kootenai County, Idaho, a felony crime[.]

 Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of an information alleging that an offense was committed within the State of Idaho confers subject matter jurisdiction. *Id.* at 757–58, 101 P.3d at 701–

firearms. At oral argument, Cook conceded this issue and, therefore, it is unnecessary for us to consider.

02. Because the information provides subject matter jurisdiction to the district court, the district court's jurisdictional power depends on the charging document being legally sufficient to survive challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.*

A challenge asserting the charging information is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. *Id.* at 758, 101 P.3d at 702. If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must be found to set forth all facts essential to establish the charged offense to survive the challenge. *State v. Halbesleben,* 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App.2003). When the information's jurisdictional sufficiency is challenged after trial, it will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant was convicted. *Jones,* 140 at 759, 101 P.3d at 703; *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). A reviewing court has considerable leeway to imply the necessary allegations from the language of the information. *Jones,* 140 at 759, 101 P.3d at 703; *Robran,* 119 Idaho at 287, 805 P.2d at 493. In short, when considering a post-trial challenge to the jurisdictional sufficiency of the information, a reviewing court need only determine that, at a minimum, the information contains a statement of the territorial jurisdiction of the court below and a citation to the applicable section of the Idaho Code. *State v. Quintero,* 141 Idaho 619, 622, 115 P.3d 710, 713 (2005).

Cook challenges the sufficiency of the information by arguing it did not include the general intent element of the offense charged. Idaho Code Section 18–114 requires that, for every crime, "there must exist a union, or joint operation, of act and intent, or criminal negligence." The intent required by I.C. § 18–114 is general intent, and this requirement is satisfied if it is demonstrated that the defendant knowingly performed the proscribed act, without regard to whether he or she intended to commit a crime. *See State v. Fox,* 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). When a criminal statute does not express a particular mental state or specific intent as an element of the crime, then the offense only requires general intent on the part of the perpetrator to conform to I.C. § 18–114. *See id.*

Idaho Code Section 18–3316(1) makes it a crime for a person who has been previously convicted of a felony to purchase a firearm. The purchase of a firearm is therefore unambiguously one of the elements of the crime. I.C. § 18–3316(1). Because the statute requires no specific intent, the offense only requires general intent—namely, that the defendant knowingly purchased a firearm, not that he or she intended to commit a criminal violation of I.C. § 18–3316(1). *See Fox,* 124 Idaho at 926, 866 P.2d at 183.

The term "purchase" implies a knowing act. Unlike a situation where an individual could be in possession of an item and be unaware of the possession or unaware of the nature of the item he or she possessed, to purchase requires actively seeking out and acquiring a known item. An individual could not purchase a firearm without the general intent to do so by knowing what item he or she set out to acquire. We conclude the "purchase of a firearm" element of I.C. § 18–3316(1) implicitly requires the state to prove the defendant intentionally sought to acquire a firearm through the exchange of funds, goods, or services.

Here, Cook's challenge to the jurisdictional sufficiency was raised after trial and need only meet the minimal standards set out in *Jones* and *Quintero.* The information charging Cook lists the territorial jurisdiction of Idaho and cites to the applicable statute Cook was charged under, which together were sufficient for the district court to imply the necessary allegations against Cook. Moreover, the element "purchase of a firearm" was included in the information. Because the term "purchase" implies a knowing act, the word "knowing" was not required for the element to be completely expressed in the written information. Additionally, it was not necessary for the information to cite to I.C. § 18–114 to confer jurisdiction. Because

the element was complete as written, the state's burden of proof at trial was not lowered as the state had to prove Cook engaged in an intentional act in order to meet the purchase element. Therefore, the information was sufficient to convey subject matter jurisdiction upon the district court and did not lower the state's burden of proof.

## B. Sufficiency of Evidence

Cook challenges the definition of what constitutes a "convicted felon" as an element of the crime of unlawful purchase of a firearm in I.C. § 18-3316(2) and the sufficiency of the state's factual evidence establishing that he is a convicted felon. Cook argues that the language of I.C. § 18-3316 requires the prosecution prove Cook received a formal judgment of conviction and sentence, prior to the time he purchased the firearms, in order to satisfy that element of the crime. Cook also asserts the prosecution failed to present substantial and competent evidence that Cook had been "previously convicted of a felony" at the time he purchased two firearms under his suggested interpretation of I.C. § 18-3316(2).

### 1. Convicted felon

■ This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

■ It is a crime for a person who has been previously convicted of a felony to purchase a firearm. I.C. § 18-3316(1). In relevant part, I.C. § 18-3316 provides:

(2) For the purpose of subsection (1) of this section, "convicted of a felony" shall include a person who has entered a plea of guilty, nolo contendere or has been found guilty of any of the crimes enumerated in section 18-310, Idaho Code, or to a comparable felony crime in another state, territory, commonwealth, or other jurisdiction of the United States.

. . . .

(4) Subsection (1) of this section shall not apply to a person whose conviction has been nullified by expungement, pardon, setting aside the conviction or other comparable procedure by the jurisdiction where the felony conviction occurred; or whose civil right to bear arms either specifically or in combination with other civil rights has been restored by any other provision of Idaho law.

It has been previously recognized by the Idaho Supreme Court that "generally, 'judgment' and 'sentence' follow 'conviction' as separate and distinct aspects of criminal process." *State v. Chauncey*, 97 Idaho 756, 757, 554 P.2d 934, 935 (1976). Similarly, this Court has previously distinguished "judgment" and "sentence" as the separate consequence of a defendant's guilt that has already been established through admission or conviction. *State v. Knight*, 106 Idaho 496, 498, 681 P.2d 6, 8 (Ct.App.1984)

Cook urges this Court to determine that the plain language of I.C. § 18-3316(2) means that a conviction is a finding or admission of guilt that has been reduced to a final judgment and sentence. Cook argues that the inclusion of the term "guilty plea" in the statute is intended only as one of several modes in which a final judgment can be reached. Cook also notes that I.C. § 18-3316(4) establishes the statute is inapplicable to convictions that have "been nullified by expungement, pardon, [or] setting aside the conviction." Cook argues that, because only convictions reduced to judgment are expunged, pardoned or set aside, the term "conviction" in the statute must mean a judgment of conviction and sentence. We are unpersuaded.

The explicit language of I.C. § 18–3316(2) provides that " 'convicted of a felony' shall include a person who has entered a plea of guilty." The statute does not include any additional language specifying, or even alluding to, final judgment or sentencing as being a necessary result of the plea in order to qualify it as a conviction under the statute. I.C. § 18–3316(2). Moreover, absent some specific language in the statute, we are inclined to consider a conviction to be the establishment of guilt, separate from a judgment and sentence. *See Chauncey,* 97 Idaho at 757, 554 P.2d at 935; *Knight,* 106 Idaho at 498, 681 P.2d at 8. Because of these factors, for the purposes of I.C. § 18–3316(2), Cook's guilty plea, separate from any future judgment and sentencing, is all that was required to qualify as a previous conviction.

Cook's argument regarding I.C. § 18–3316(4), that a guilty plea is not subject to being nullified, expunged or pardoned and therefore a guilty plea alone does not constitute a conviction under the statute, is similarly unsupportable. In his analysis, Cook notes correctly that under I.C. § 18–3316(4) the charge is inapplicable where an individual's previous conviction has been nullified by the expungement, pardon, or setting aside of the conviction. Cook, however, omits the "or other comparable procedure" language contained in that sentence of the statute. A comparable procedure for nullifying a guilty plea would be to successfully withdraw the plea. If Cook had successfully withdrawn his guilty plea prior to purchasing the firearms, the criminal offense of unlawful purchase of a firearm would not be applicable to his actions as his former guilty plea would be considered nullified under I.C. § 18–3316(4).

The plain language of the statute does not support Cook's interpretation of I.C. § 18–3316. For the purposes of I.C. § 18–3316(2), a guilty plea alone, in the absence of a final judgment or sentence, qualifies as a conviction. Therefore, the district court did not err in interpreting Cook's guilty plea, absent a final judgment and sentence, as satisfying the requirements of I.C. §§ 18–3316(1), (2).

**2. Sufficient evidence**

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. A court must take judicial notice if requested by a party and supplied with the necessary information. I.R.E. 201(d). A district court may take judicial notice of its own record in the case before it. *Larson v. State,* 91 Idaho 908, 909, 435 P.2d 248, 249 (1967).

Cook notes that the state presented evidence at trial that Cook had constructive knowledge that he had lost the right to purchase a firearm when he was sent notification that his concealed weapons permit was revoked. Cook implies that the state relied on this evidence to prove Cook was a convicted felon. Cook's argument is misplaced as this evidence was not necessary to establish his conviction for the previous felony of possession of methamphetamine.

At trial, the state requested that the district court take judicial notice of Cook's previously entered plea of guilty to the charge of possession of methamphetamine. The district court took such judicial notice, and Cook's plea of guilty for the previous charge became a fact in the record. As we have

discussed above, a guilty plea satisfies the element of a previous conviction for the crime of unlawful purchase of a firearm under I.C. §§ 18–3316(1), (2). When the district court, as the trier of fact, took judicial notice of Cook's previous conviction in the form of his guilty plea, the state had at that time provided sufficient evidence to satisfy that element of the crime. Therefore, the district court did not err in finding the state provided sufficient evidence to prove the previous conviction element of the crime of unlawful purchase of a firearm beyond a reasonable doubt.

### III.

### CONCLUSION

The language of the charging information was legally sufficient to confer subject matter jurisdiction to the district court. The district court correctly interpreted the meaning of the "previous felony conviction" element of the statute to include guilty pleas and the state presented sufficient evidence to prove Cook's previous guilty plea. Accordingly, Cook's judgment of conviction is affirmed.

Judge LANSING and Judge Pro Tem WALTERS concur.

