**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38316/38317**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Opinion No. 24** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 15, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **EDWARD R. HOCHREIN, JR.,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Judgment of conviction for felony violation of a no contact order and being a persistent violator, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Chief Judge

Edward R. Hochrein, Jr. appeals from his judgment of conviction entered upon jury verdicts finding him guilty of felony violation of a no contact order and being a persistent violator. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

After Hochrein was charged by information with intimidating a witness, a magistrate issued a no contact order prohibiting Hochrein from having contact with the victim, Tanya Lewis. The information was amended to include charges of misdemeanor domestic battery and misdemeanor cruelty to an animal. Pursuant to a plea agreement, Hochrein pled guilty to the

1

domestic battery and cruelty to an animal charges and was placed on probation.[1]  The previously issued no contact order was continued in effect until August 20, 2011.

On January 28, 2010, Lewis and Chris Yeats were at Lewis's residence when the doorbell rang.  Yeats looked through the peephole and saw who he believed to be Hochrein standing outside the door.  He relayed this information to Lewis who did not look outside and immediately called 911.  When the police arrived, the person who rang the doorbell was gone.  Yeats, who had never met Hochrein, but had seen him in pictures, identified Hochrein from a photographic lineup as the man standing outside Lewis's door.  Hochrein was charged with felony violation of a no contact order, Idaho Code § 18-920, and a persistent violator enhancement, I.C. § 19-2514.[2]

At trial, the parties stipulated to the facts that a no contact order prohibiting Hochrein from having contact with Lewis had been issued and was "in effect" on January 28, 2010.  The State presented the testimony of Lewis, Yeats, and an officer who testified regarding Yeats' identification of Hochrein as the perpetrator.  Hochrein did not testify, but called three alibi witnesses who testified Hochrein was not at Lewis's residence at the time in question.  During closing arguments, Hochrein's counsel emphasized to the jury, "There is really only one issue here and that's was Ed Hochrein outside the door at Tanya Lewis' apartment on January 28th."  The jury found Hochrein guilty as charged.  Hochrein now appeals.

## II.

## ANALYSIS

Hochrein contends the district court erred in accepting the factual stipulation regarding the existence of a no contact order without his personal waiver of his right to a jury trial on the essential elements of the charge.  He also argues there was insufficient evidence presented to support his conviction--specifically, that he had the requisite notice of the existence of the no contact order.  Relatedly, he contends the district court erred in failing to instruct the jury on this element of the offense.  Finally, he argues the district court erred in disallowing him to impeach

---

[1]     These charges comprise docket number 38316 on appeal.  Hochrein concedes any appellate issue regarding this case has been rendered moot.

[2]     These charges comprise docket number 38317, which was consolidated with docket number 38316 on appeal.

Lewis's testimony with evidence of her prior conviction for felony possession of a financial transaction card that resulted in a withheld judgment.

## A. Stipulation

In his supplemental brief, Hochrein contends, for the first time on appeal, that his rights to a jury trial and due process were violated by the district court's acceptance of the factual stipulation by Hochrein's counsel and the State that a no contact order was "in effect" at the time of the incident without obtaining from him a personal waiver. He asserts that because the stipulation was effectively an admission to several elements of the charged crime, the district court was required to advise him of the constitutional rights he was waiving and obtain from him an explicit waiver of his right to a jury determination as to each element of the crime.

Since Hochrein raises this issue for the first time on appeal, it is only reversible if it constitutes fundamental error. Pursuant to *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010), an appellate court should reverse an unobjected-to error when the defendant persuades the court the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.

The stipulation at issue stated in relevant part:

> On January 28, 2010, a No Contact Order issued by a Court was *in effect* in Case No. CR2009-0002146. The No Contact Order was issued because the Defendant, Edward R. Hochrein, Jr., had been charged with or convicted of an offense for which the Court found that a No Contact Order was appropriate. The No Contact Order prohibited the Defendant from contacting Tanya Lewis. The No Contact Order also prohibited the Defendant from being at Ms. Lewis' residence.

(Emphasis added.) Hochrein argues, and the State does not dispute, that this stipulation covered several elements of the charged offense pursuant to Idaho Code § 18-920, which provides that a violation of a no contact order is committed when:

> (a) A person has been charged or convicted under any offense defined in subsection (1) of this section; and
> (b) A no contact order has been issued, either by a court or by an Idaho criminal rule; and
> (c) The person charged or convicted has had contact with the stated person in violation of an order.

3

I.C. § 18-920(2). In addition, as we discuss below, the State concedes notice of the existence of a no contact order is an essential element of the crime. By accepting the stipulation without his personal waiver, Hochrein argues the district court violated his right to a jury trial and due process. *See State v. Nath*, 137 Idaho 712, 716-17, 52 P.3d 857, 861-62 (2002) (holding that a jury instruction removing an essential element of an offense from the jury's consideration violated the defendant's right to a jury trial and due process).

Here, for the reasons explained below, the error complained of was not fundamental because the second prong, requiring that the error plainly exists, was not met; thus, we need not address the remaining prongs. With respect to this second prong of the *Perry* test, the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision. *Perry*, 150 Idaho at 226, 245 P.3d at 978. Because our Supreme Court drew heavily upon the federal plain error doctrine in arriving at the *Perry* definition of fundamental error, we consult federal case law in elucidating the second element of the *Perry* test. *State v. Hadden*, 152 Idaho 371, 375, 271 P.3d 1227, 1231 (Ct. App. 2012). According to the United States Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993), "plain" is a term "synonymous with 'clear' or, equivalently, 'obvious.'" *Id*. at 734. Thus, the inquiry is whether "the error is clear under current law," *id*., or, as articulated by the Ninth Circuit Court of Appeals, whether the "available authorities provide a clear answer to the question." *United States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996). *See also Hadden*, 152 Idaho at 375, 271 P.3d at 1231. In *Thompson*, the court held that an issue raised for the first time on appeal was not "plain error" because there was at least some room for doubt about the outcome of the issue since there was no controlling United States Supreme Court precedent and the other circuits were split. *Thompson*, 82 F.3d at 856. Therefore, the second element of the *Perry* test for fundamental error, requiring that the error plainly exist, necessitates a showing by the appellant that existing authorities have *unequivocally* resolved the issue in the appellant's favor. *Hadden*, 152 Idaho at 375, 271 P.3d at 1231.

Such is not the case here. In pursuing his argument, Hochrein relies largely on *State v. Cheatham*, 139 Idaho 413, 80 P.3d 349 (Ct. App. 2003). In *Cheatham*, defense counsel stipulated to the truth of the State's persistent violator allegation following a jury trial on the underlying criminal charge, and the district court accepted the stipulation without asking

4

Cheatham personally whether he assented or understood its effect regarding the State's burden of proof and the ultimate punishment he would face. On appeal, Cheatham asserted the persistent violator enhancement should be vacated because he neither pled guilty to nor received a trial on the enhancement allegation. This Court found the stipulation constituted reversible error, holding that "due process principles preclude the acceptance of a stipulation to the truth of persistent violator allegations without judicial inquiry to determine that the defendant makes the admission voluntarily and with an understanding of the consequences." *Id*. at 418, 80 P.3d at 354.

*Cheatham*, however, is distinguishable from this case. Here, the parties stipulated to some, *but not all*, of the facts necessary for the conviction of the charged offense. Specifically, although stipulating that Hochrein had been convicted of a requisite offense and that a no contact order was in effect,[3] the parties did not stipulate that Hochrein "had contact with the stated person in violation of an order," an essential element of the crime and the basis for Hochrein's defense at trial. By contrast, in *Cheatham*, counsel agreed to a stipulation admitting to the *entirety* of the persistent violator charge--thus essentially amounting to a guilty plea. As the State points out, Idaho courts have never addressed the precise issue of factual stipulations to some, but not all elements of a charge. The weight of authority from other jurisdictions, however, holds that the due process protections attendant to the entry of a guilty plea do not apply to factual stipulations admitting only some of the facts necessary for conviction of a charged offense or enhancement. *See*, *e.g.*, *Adams v. Peterson*, 968 F.2d 835, 839-43 (9th Cir. 1992) (determining that the stipulation was not a de facto guilty plea and the defendant was not entitled to the full measure of protection attending such a plea); *People v. Adams*, 862 P.2d 831, 839 (Cal. 1993) (holding that evidentiary stipulations not tantamount to a guilty plea are not subject to the colloquy applicable to the entry of guilty pleas); *People v. Phillips*, 840 N.E.2d 1194, 1203 (Ill. 2005) ("[I]t is only when counsel's stipulations render defendant's trial the practical equivalent of a plea of guilty that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." (internal quotations omitted)); *Commonwealth v. Walorz*, 944 N.E.2d 1061, 1065 (Mass App. Ct. 2011) (holding no colloquy was required where the stipulation was insufficient by itself to sustain a conviction for the

---

3       This stipulation, as we address below, also satisfied the notice element.

charged offense); *State v. Humphries*, 285 P.3d 917, 923 (Wash. Ct. App. 2012) ("[E]ntry of a stipulation to less than all elements of the offense does not require the same level of trial court inquiry that would accompany the entry of a guilty plea."). Based on this authority, it is not "clear under current law," *Olano*, 507 U.S. at 734, that acceptance of the stipulation was error; therefore, the alleged error is not "plain." Accordingly, this issue is not one of fundamental error under the *Perry* standard that we will consider for the first time on appeal, and we do not reach the merits.

**B.     Sufficiency of the Evidence**

Hochrein contends there was insufficient evidence presented at trial to support the jury verdict finding him guilty of felony violation of a no contact order pursuant to Idaho Code § 18-920. Specifically, he asserts the State presented no evidence that he had prior notice of the criminal no contact order, which is an essential element of the offense.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Although section 18-920, under which Hochrein was charged, does not explicitly list prior notice of the no contact order as an element, the State concedes on appeal such notice is an essential element of the crime. The State points out that Idaho Criminal Rule 46.2, which implements section 18-920, states, "No contact orders issued pursuant to Idaho Code § 18-920 shall be in writing and served on or signed by the defendant." I.C.R. 46.2(a). Indeed, the applicable model jury instruction adopted by the Idaho Supreme Court provides, in relevant part:

> In order for the defendant to be guilty of Violating a No Contact Order, the state must prove each of the following:
> 1. On or about [date]

2.  in the state of Idaho
3.  the defendant [name]
4.  had been [charged with] [or] [convicted of] [], and
5.  a no contact order had been issued by a court or by an Idaho criminal rule forbidding the defendant from having contact with [name of person], and
6.  the defendant had contact with [name of person] in violation of the order, and
7.  *before such contact the defendant had notice of the order.*

Idaho Criminal Jury Instruction 1282 (emphasis added). Thus, we inquire as to whether the State presented sufficient evidence as to this element.

The State argues the factual stipulation entered by the parties prior to trial satisfied the State's burden of proof as to the notice element. Specifically, it argues that because Rule 46.2 provides that a no contact order issued pursuant to section 18-920 is only valid, *i.e.*, effective, if it has been "served on or signed by the defendant," by stipulating to the fact the no contact order was "in effect," Hochrein necessarily stipulated he had prior notice of the order. Hochrein counters that the "in effect" language in the stipulation is not a stipulation of fact regarding whether he had notice of the order, but rather references the duration of the order.

Stipulations are the agreements of, and may be relied upon as, undisputed proof. *Reding v. Reding*, 141 Idaho 369, 373, 109 P.3d 1111, 1115 (2005); *State v. Trimming*, 89 Idaho 440, 444, 406 P.2d 118, 121 (1965). As a general rule, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained or included therein. *Trimming*, 89 Idaho at 444, 406 P.2d at 121. A stipulation is a contract and its enforceability is determined by contract principles. *Maroun v. Wyreless Sys., Inc.*, 141 Idaho 604, 611, 114 P.3d 974, 981 (2005). Interpretation of an ambiguous document presents a question of fact. *State v. Claxton*, 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct. App. 1996). Interpretation of an unambiguous document is a question of law, reviewed de novo. *Id*. The determination of whether a document is ambiguous is itself a question of law, also reviewed de novo. *Id*. If a document is reasonably subject to conflicting interpretation, then it is ambiguous. *Id*. As with the interpretation of contracts, we must interpret stipulations so as to carry out the intention of the parties at the time the contract was made. *United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996); *Straub v. Smith*, 145 Idaho 65, 69, 175 P.3d 754, 758 (2007); 83 C.J.S. *Stipulations* § 46 (2013). If possible, the intent of the parties should be ascertained from the language of the agreement as the best indication of their intent. *Straub*, 145 Idaho at 69, 175 P.3d at 758.

7

Because it is reasonably subject to conflicting interpretations, the phrase "in effect" in the stipulation at issue is ambiguous as to whether it encompassed Hochrein's knowledge of the issuance of the no contract order or merely referenced the duration of the order. On one hand, as the State asserts, Rule 42.6 sets forth the requirements of a valid no contact order. *See State v. Cobler*, 148 Idaho 769, 772, 229 P.3d 374, 377 (2010). Given that the rule requires a defendant be informed of the existence of the order, to agree an order was "in effect" at the time could reasonably be interpreted as encompassing the requirements of the rule. On the other hand, as Hochrein argues, the no contact order itself states the order "WILL REMAIN IN EFFECT UNTIL 11:59 P.M. ON 3/14/11, OR UNTIL THIS CASE IS DISMISSED," thus providing a basis to argue use of the term "in effect" refers to the duration of the order. Given this ambiguity, we turn to an examination of the parties' intent at the time the stipulation was entered. As the State points out, Hochrein's sole defense at trial was that he was not at Lewis's residence on the date in question. His counsel argued to the jury in both the opening and closing statements that the only issue before the jury, "really," was whether Hochrein was at Lewis's residence on January 28, 2010. We are unaware of any conflicting evidence indicating Hochrein intended to contest his knowledge of the issuance of the no contact order. Accordingly, we ascertain the parties' intent with regard to the stipulation was to agree that the elements in regard to the stipulation were met, with the practical effect that the only remaining contested issue at trial was whether Hochrein was actually at Lewis's residence on January 28. Based on this resolution of the issue, there was substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

**B.    Jury Instructions**

Hochrein contends, again for the first time on appeal, the district court erred because the jury was never instructed that, in order to convict him of the charged offense, they were required to find beyond a reasonable doubt Hochrein had prior notice of the no contact order. Whether jury instructions fairly and adequately present the issues and state the applicable law is a question of law over which this Court exercises free review. *State v. Draper*, 151 Idaho 576, 587, 261 P.3d 853, 864 (2011). As indicated above, pursuant to *Perry*, 150 Idaho at 226, 245 P.3d at 978, an appellate court may only reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional

8

information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.

It is undisputed that the jury in this case was not instructed it must find beyond a reasonable doubt that Hochrein had notice of the existence of the no contact order, an element of the offense charged.[4] The State concedes the failure to instruct the jury as to this element constituted a plain constitutional error;[5] however, it contends the third *Perry* prong was not met since the error was harmless. According to *Perry*, where evidence supporting a finding on the omitted element is overwhelming and uncontroverted, so that no rational jury could have found the State failed to prove that element, the constitutional violation may be deemed harmless. *Id.* at 224, 245 P.3d at 976. *Accord Draper*, 151 Idaho at 592-93, 261 P.3d at 869-70 (holding that if an omitted element is uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the error is harmless).

Hochrein did not contest this element at trial; as noted above, his sole defense was that he was not at Lewis's residence at the time in question. To the contrary, he conceded in his opening statement that "there was a no contact order in place" and stipulated that a no contact order had been issued and was "in effect" on the date in question. Further, given our interpretation of the stipulation above, it constitutes overwhelming evidence of the element at issue such that we may conclude beyond a reasonable doubt the jury verdict would have been the same even absent the instructional error. Given that stipulations may be relied upon as undisputed proof, *Reding*, 141 Idaho at 373, 109 P.3d at 1115; *Trimming*, 89 Idaho at 444, 406 P.2d at 121, and are, as a general rule, conclusive as to all matters properly contained or included therein, *Trimming*, 89 Idaho at 444, 406 P.3d at 121, Hochrein fails to carry his burden of establishing that omission of the element from the instruction rises to the level of fundamental, reversible error.

## C.    Motion in Limine (Impeachment Evidence)

Hochrein contends the district court erred by granting the State's motion in limine to preclude him from impeaching Lewis with evidence of her prior conviction for felony possession

---

[4]    As noted above, the applicable model jury instruction, Idaho Criminal Jury Instruction 1282, includes this element.

[5]    It is settled law that a jury instruction relieving the State of its duty to prove beyond a reasonable doubt all of the essential elements of the offense charged violates a defendant's right to due process. *State v. Draper*, 151 Idaho 576, 588, 261 P.3d 853, 865 (2011).

of a financial transaction card. Specifically, he argues the district court erred in finding that because Lewis was provisionally granted a withheld judgment for the offense, Hochrein was not entitled to utilize the conviction under Idaho Rule of Evidence 609.

When interpreting a rule of evidence, Idaho appellate courts apply the same standards of construction as are utilized with statutes. *State v. Trejo*, 132 Idaho 872, 878, 979 P.2d 1230, 1236 (Ct. App. 1999). We begin with an examination of the literal words of the rule and give the language its plain, obvious, and rational meaning. *Id.* A rule, like a statute, should be construed so that effect is given to its provisions and no part is rendered superfluous or insignificant. *Id.*

Rule 609 authorizes the introduction of evidence that a witness has been convicted of a felony for the purpose of attacking the credibility of a witness if the trial court determines "the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness." I.R.E. 609(a). However, the rule also states, "Evidence of a withheld judgment or a vacated judgment shall not be admitted as a conviction." I.R.E. 609(c).

Here, Lewis had pled guilty to felony possession of a financial transaction card and was placed on probation and granted a withheld judgment. At the time of Hochrein's trial she was still on probation. The district court granted the motion in limine disallowing the use of the conviction to impeach Lewis's testimony on the basis that Lewis was granted a withheld judgment and, therefore, it was not a "prior conviction" for purposes of Rule 609. Hochrein argues the district court erred in finding the withheld judgment granted to Lewis was a "withheld judgment" within the meaning of Rule 609, arguing the term "withheld judgment" in Rule 609 refers to what he deems the "ultimate granting of relief" of a withheld judgment pursuant to Idaho Code § 19-2604, which permits the defendant to move to set aside his guilty plea, terminates the case and dismisses the judgment of conviction, as opposed to the initial withholding of judgment and placing of a defendant on probation under Idaho Code § 19-2601.

Section 19-2601 provides for the entry of a withheld judgment, stating:

Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state . . . the court in its discretion may:
. . . .
3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation[.]

At the time of Hochrein's trial, section 19-2604 provided, in relevant part:

> Discharge of defendant--Amendment of judgment.
> (1) If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, . . . the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant . . . .
> . . . .
> (3) . . . A conviction for purposes of this chapter means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment.

I.C. § 19-2604 (2010) (amended 2011). [6]

As the basis for his argument that only a "withheld judgment" under section 19-2604 is precluded from being introduced pursuant to Rule 609, Hochrein cites to *United States v. Sharp*, 145 Idaho 403, 179 P.3d 1059 (2008). There, Sharp had previously pled guilty to felony burglary in Idaho. He was granted a withheld judgment and placed on probation for three years. Sharp successfully completed his probation, but never moved to have his guilty plea set aside and his case dismissed pursuant to section 19-2604(1). Approximately five years after Sharp's probation terminated, he was charged in federal district court in Utah with being a felon in possession of a firearm in violation of federal law, with the Idaho case being the predicate felony. The question, on certification from the federal district court, was whether an outstanding withheld judgment based on a guilty plea qualified as a "conviction" pursuant to Idaho law. *Sharp*, 145 Idaho at 403, 179 P.3d at 1059. In answering this question in the affirmative, the Court noted, "As it is ordinarily used, the term 'conviction' means the establishing of guilt either by a plea of guilt or by a finding of guilty following a trial." *Id*. at 404, 179 P.3d at 1060. The Court further noted, "Generally, 'judgment' and 'sentence' follow 'conviction' as separate and distinct aspects of criminal process." *Id*. The Court then discussed numerous statutory provisions and cases standing for the proposition that in Idaho a conviction must precede

---

[6]     In 2011, the legislature rewrote subsection (1), among other changes. 2011 Idaho Sess. Laws ch. 187, sec. 1.

punishment, including withholding judgment and placing the defendant on probation. *Id*. at 404-05, 179 P.3d at 1060-61.

The *Sharp* Court recognized it had previously held in *State v. Cliett*, 96 Idaho 646, 650, 534 P.2d 476, 480 (1975) that a withheld judgment did not constitute a conviction for the purpose of impeaching a witness by showing a prior felony conviction. *Sharp*, 145 Idaho at 405, 179 P.3d at 1061. However, without reference to the Rules of Evidence, which were adopted ten years after *Cliett* was decided, the *Sharp* Court held *Cliett* "was in error to the extent that it held that a defendant granted a withheld judgment did not have a conviction" and overruled *Cliett* "insofar as it so holds." *Sharp*, 145 Idaho at 407, 179 P.3d at 1063.

On appeal, Hochrein argues that *Sharp's* holding, overruling *Cliett*, supports his claim that for the purposes of impeachment under Rule 609, an outstanding withheld judgment granted pursuant to section 19-2601, *can* be utilized unless and until the witness has actually been granted the relief of withdrawing his or her plea, or setting aside the underlying conviction pursuant to section 19-2604. Hochrein is mistaken. The extent of *Sharp's* holding is that an outstanding withheld judgment qualifies as a *conviction* pursuant to Idaho law and that to the extent *Cliett* contravened this proposition, it was overruled.[7] *Sharp* makes no reference to Rule 609, much less discusses the admissibility of evidence of a withheld judgment to establish a conviction for purposes of that rule. Quite simply, it has nothing to say on the issue we face in this case.[8]

What is clear is that the plain language of Rule 609 prohibits the use of a "withheld judgment." Also clear, is that section 19-2601(3) sets forth the meaning of a withheld judgment--the withholding of judgment and the placing of the defendant on probation "on such terms and for such time" as the court may prescribe. Nowhere in Rule 609 does it state, or even

---

[7] This concept was codified in Idaho Code § 19-2604(3) as it applies to judgments: "A conviction for the purposes of this chapter means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment."

[8] Application of *Sharp* does makes clear that because Lewis had not yet been granted the relief of withdrawing her guilty plea pursuant to Idaho Code § 19-2604, she still had a *conviction* for felony possession of a financial transaction card. However, although Hochrein attempts to conflate the concepts of conviction and judgment, *Sharp* makes it clear they are separate. Thus, regardless of the continued existence of a "conviction," there was in place a withheld judgment, which Rule 609 explicitly excludes from being utilized to impeach pursuant to the rule.

12

suggest, the term "withheld judgment" is limited only to the ultimate granting of relief pursuant to section 19-2604(1). As the State points out, such an interpretation does not make sense. By the plain language of the statute, a dismissal granted pursuant to section 19-2604(1) can only occur *after* a judgment has been withheld; thus, a dismissal is not the withheld judgment itself. *See* I.C. § 19-2604(1) (providing that where a sentence has been withheld, a court may, upon a satisfactory showing by the defendant that he or she has complied with probation, set aside the plea and finally dismiss the case). Because there was in place a withheld judgment as to Lewis's conviction, under the plain language of Rule 609 it could not be utilized to impeach her testimony, and therefore, the district court did not err in granting the State's motion in limine.

## III.

## CONCLUSION

Hochrein has not shown it was fundamental error for the district court to accept the parties' factual stipulation that a no contact order was in place at the time of the alleged offense. Further, this stipulation provided sufficient evidence to support a finding beyond a reasonable doubt that Hochrein had the requisite notice of the no contact order to be convicted of a violation of Idaho Code § 18-920. Relatedly, the failure of the district court to instruct the jury as to this element was not fundamental error because it was harmless given that it was uncontested and the stipulation comprised overwhelming evidence. Finally, it was not error for the district court to grant the State's motion in limine to prevent Hochrein from utilizing Lewis's withheld judgment for impeachment purposes. Hochrein's judgment of conviction for felony violation of a no contact order and being a persistent violator is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**