# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41675

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 25** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 13, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **COREY STEVEN KUBAT, aka COREY** | ) | |
| **STEVE KUBAT, CORY STEVEN** | ) | |
| **KUBAT, COREY S. KUBOT,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

WALTERS, Judge Pro Tem

Corey Steven Kubat was convicted of possession of a controlled substance with the intent to deliver. At trial, a defense witness indicated that she had not seen paraphernalia found in the home at the time Kubat was arrested. Over Kubat's objection, the witness was asked whether she had pleaded guilty to possessing paraphernalia in the home on that day. She conceded that she had pleaded guilty to that offense. On appeal, Kubat argues that the district court erred by permitting the State to cross-examine the witness in that manner.

1

# I.

# BACKGROUND

In this case, Kubat was charged with possession of a controlled substance with the intent to deliver, in violation of Idaho Code § 37-2732(a).[1] The case proceeded to trial where the State presented the following evidence.

Parole Officer Babcock went to Kubat's home along with Bureau of Land Management Officer Whitworth, who brought his drug detection dog. When they arrived, Babcock knocked on the door. A very young child, the grandchild of Kubat's girlfriend, opened the door and let Babcock into the home. Kubat's girlfriend, Gil, came out of a bedroom to speak with Babcock in the living room. On the way out of the bedroom, Gil spoke to another person in the room and described Babcock by name. Another woman, Hoffman, who is Gil's friend and Kubat's ex-wife, also exited the bedroom. At that time, officers searched both women for weapons and found nothing. Babcock asked both women where Kubat was and Gil stated that "he was gone." Hoffman was permitted to leave because the officer lacked any legal grounds to detain her.

After Hoffman left, Whitworth saw Kubat. He appeared nervous and Babcock attempted to pat him down to search for weapons. Kubat did not submit to the search; he verbally objected, physically resisted, and then attempted to escape. While trying to escape, Kubat attempted to remove an item from his pockets, but was eventually caught by officers.

After Kubat was apprehended, the officers searched a desk in the room both women had exited and the room that officers believed Kubat had been in. There, officers found a variety of items they believed belonged to Kubat, including power tools and a man's hat. They did not find any women's clothing, makeup, or accessories. In a more thorough search, officers subsequently found two glass pipes, a torch, a ledger that the officers believed contained records of methamphetamine sales, and nine small, heat-sealed bags of methamphetamine.

Officers arrested Kubat and read his *Miranda*[2] rights. Kubat indicated that he was in trouble, made a statement indicating consciousness of guilt, and stated that Gil "did not know of

---

[1] Under other case numbers, Kubat was charged with two counts of injury to child and a count of possession of drug paraphernalia. These charges were eventually tried together. Additionally, the State filed an Information Part II alleging that Kubat was a persistent violator of the law. After the trial, Kubat was convicted of all of these charges and found to be a persistent violator.

him buying or selling any methamphetamine." Conversely, Gil told officers that she had used methamphetamine and had been hiding her use from Kubat.

At trial, Gil gave testimony that contradicted some of the State's evidence, but most of her testimony is not relevant to the issue on appeal. What is relevant to this appeal is a line of questioning regarding Gil's knowledge of the drug paraphernalia in the home. When called by the defense, Gil testified that she was unaware that there was any methamphetamine in the home. On cross-examination, Gill denied seeing any pipes in the back room where she and Hoffman had been. When questioned more specifically, and given five photographs showing a green pipe, a blue pipe, and a torch, Gil denied seeing any of those items in that room, on that day.[3]

At that point, outside of the presence of the jury, the State requested permission to ask Gil if she had pleaded guilty to possessing drug paraphernalia in the home on the day in question. Gil's counsel, who was present with Gil during the trial, argued that evidence of her conviction was not admissible pursuant to Idaho Rule of Evidence 609. He also pointed out that Gil's guilty plea did not amount to an inconsistent statement, because she had admitted possessing drug paraphernalia, but not to possessing the blue pipe. The State responded that it did not intend to introduce the conviction and that it was not attempting to use a conviction pursuant to I.R.E. 609. The court agreed with the State, holding that I.R.E. 609 was not applicable because the State was not attempting to "introduc[e] the crime to impeach her credibility as a whole."

The State asked Gil if she had pleaded guilty to possession of drug paraphernalia in her home on that day. Gil conceded that she had pleaded guilty. On redirect, Gil explained that there were two pipes in the home, one green and one blue, and that she had denied and continued to deny only that she had seen the blue pipe.

After Gil testified, both parties rested. The jury returned a guilty verdict and the court imposed a unified term of eighteen years in prison, with eight years fixed, on the possession with intent to deliver charge. Kubat appeals from the judgment of conviction.

---

[2]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]     Gil was given five exhibits containing pictures of several items, including the green pipe, the blue pipe, and the torch. She was asked, "Do you recognize any of the items in these photos?" She responded, saying that she recognized only "the CD case, the speaker, and the knife." She went on to specifically deny having seen the blue pipe and the torch. She also specifically denied seeing any pipes used for smoking methamphetamine.

## II.

## ANALYSIS

On appeal, Kubat argues that the district court erred by holding that I.R.E. 609 was not applicable in this case, and by admitting the guilty plea over his objection. This claim of error is premised upon two contentions. First, he argues that the evidence of Gil's guilty plea could not be admitted pursuant to I.R.E 609. Second, he argues that because the evidence could not be admitted pursuant to I.R.E 609, the district court erred by admitting it.

When interpreting a rule of evidence, Idaho appellate courts apply the same standards of construction as are utilized with statutes. *State v. Hochrein*, 154 Idaho 993, 1001, 303 P.3d 1249, 1257 (Ct. App. 2013); *State v. Trejo*, 132 Idaho 872, 878, 979 P.2d 1230, 1236 (Ct. App. 1999). We begin with an examination of the literal words of the rule and give the language its plain, obvious, and rational meaning. *Hochrein*, 154 Idaho at 1001, 303 P.3d at 1257. A rule, like a statute, should be construed so that effect is given to its provisions and no part is rendered superfluous or insignificant. *Id*.

## A.     The Guilty Plea Was Not Admissible Pursuant to Idaho Rule of Evidence 609

Idaho Rule of Evidence 609 authorizes a party to adduce evidence of certain criminal convictions to impeach a witness:

> For the purposes of attacking the credibility of a witness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness.

We agree that Gil's conviction could not have been properly admitted pursuant to I.R.E. 609. The rule only authorizes the admission of felony convictions, and Gil's offense, possession of drug paraphernalia, was a misdemeanor. But, our inquiry does not end there because we recognize that evidence that cannot be properly admitted pursuant to one rule of evidence may be admissible under another rule. *See generally State v. Bergerud*, 155 Idaho 705, 710, 316 P.3d 117, 122 (Ct. App. 2013) (holding that evidence that could not be admitted pursuant to I.R.E. 609, was admissible pursuant to I.R.E. 608). Therefore, we must determine whether I.R.E. 609 governed the admissibility of Gil's guilty plea.

4

**B.      The Admission of the Guilty Plea Was Not Governed by Idaho Rule of Evidence 609**

Kubat cites the portion of I.R.E. 609 that says the rule is to be applied when a conviction is used "[f]or the purposes of attacking the credibility of a witness." He then argues that because Gil's credibility was attacked, using a guilty plea,[4] that the strictures of I.R.E. 609 must apply. We disagree. When read as a cohesive whole, Rule 609 requires more than the mere intent to attack credibility using a conviction, it requires that a party intend to attack credibility in a particular manner.

Our legal system has long accepted the conclusion that the commission of certain crimes is compelling evidence that a person is untrustworthy. "At common law a person's conviction of . . . any felony . . . rendered the convict completely incompetent as a witness." 1 KENNETH S. BROUN, MCCORMICK ON EVIDENCE § 42 (6th ed. 2006); *see also* 3 WILLIAM BLACKSTONE, COMMENTARIES *363-64, *370 ("All witnesses, that have the use of their reason, are to be received and examined, except such as are infamous . . . [a]ll others are competent witnesses . . . Infamous persons are such as may be challenged . . . *propter delictum* . . . challenges *propter delictum* are for some crime or misdemeanor . . . [including any] conviction of treason, felony, perjury, or conspiracy").

The broad and absolute common law rule has been replaced. No rule of evidence completely bars a felon from testifying, but the fact of his conviction may be used, pursuant to Rule 609, to show that he is not a credible witness. To that end, I.R.E. 609 requires that the trial court determine whether "the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness." Like the common law rule, this relevancy determination turns upon the premise that the commission of certain crimes renders one untrustworthy:

> Idaho courts have divided felonies into three categories having varying degrees of probative value on the issue of credibility. Crimes in the first category, such as perjury, are intimately connected to a person's veracity and credibility, while crimes in the second category, like robbery and burglary, are somewhat less relevant to credibility because they do not deal directly with veracity and have only a general relationship with honesty. Offenses in the third category, which

---

[4]      At trial, the State only inquired regarding Gil's guilty plea, not her conviction. Because we conclude below that Idaho Rule of Evidence 609 does not apply, we need not discuss this nuance. We also note that Kubat objected to the use of a guilty plea under I.R.E. 609, but had not separately challenged the propriety of using a guilty plea as a prior inconsistent statement.

include crimes of passion and acts of violence that are the product of emotional impulse, have been said to have little or no direct bearing on honesty and veracity.

*State v. Grist*, 152 Idaho 786, 789, 275 P.3d 12, 15 (Ct. App. 2012) (citations omitted); *see also State v. Ybarra*, 102 Idaho 573, 581, 634 P.2d 435, 443 (1981) (adopting this categorical approach). Accordingly, Rule 609 will only authorize the admission of evidence when (1) a conviction is being used to impeach a witness and (2) the conviction is impeaching because it shows that a witness has a certain kind of criminal nature. We view the second condition, framed as a relevancy requirement in the rule, to inform the meaning of the phrase "attacking the credibility of a witness." Therefore, given context, we conclude that "attacking the credibility of the witness" means attacking the credibility of the witness on the basis that he has a certain kind of criminal nature that renders him untrustworthy.

We are not the first court to reach this determination. For example, when a witness flatly denied that he was aware of any special impediment barring his possession of a firearm, the government was permitted to adduce evidence that the witness had been convicted of a crime to show that the witness knew he had been convicted of a crime and that his right to possess firearms had been limited. *United States v. Johnson*, 542 F.2d 230 (5th Cir. 1976). There, the conviction could not be admitted pursuant to Rule 609, but the Court reasoned that

> Rule 609 was crafted to apply in those cases where the conviction is offered only on the theory that people who do certain bad things are not to be trusted to tell the truth. Here the evidence had a different, surer value in that it directly contradicted the position taken by the witness.

*Id.* at 234-35. Likewise, in *United States v. Leavis*, 853 F.2d 215 (4th Cir. 1988), after the defendant made a statement generally indicating that he was unfamiliar with the drug trade, the State was permitted to impeach him with evidence of his prior drug conviction. The Court reasoned that the evidence "was not introduced on the general Rule 609 theory . . . . Rather, it was introduced to contradict specific statements made by Leavis on direct examination." *Id.* at 220. On that basis, the Court upheld the admission of the evidence, over a Rule 609 objection. *See also United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992) (holding that Rule 609 does not apply when "determining the admissibility of relevant evidence introduced to contradict a witness's testimony"); *United States v. Carter*, 953 F.2d 1449, 1458 (5th Cir. 1992) (Rule 609 applies when one attacks a witness's "general credibility," but not when a party seeks to "contradict his specific testimony." When evidence is admitted for the latter purpose, Rule 609

6

does not apply and "the evidence should be admitted if it is relevant and if its probative value is not substantially outweighed by the danger of unfair prejudice"); *People v. Taylor*, 373 N.W.2d 579, 582 (Mich. 1985) (holding that the Michigan version of Rule 609 "was not intended to apply where evidence of prior convictions is offered to rebut specific statements of the defendant who testifies at trial"); 28 CHARLES ALAN WRIGHT & VICTOR J. GOLD, FEDERAL PRACTICE AND PROCEDURE § 6133 (2d ed. 2012) (Federal Rule of Evidence 609 does not apply where the party is attempting to show "contradiction.").[5]

Given our determination of the scope of Rule 609, we must decide whether the State was attempting to show that Gil was not credible because her criminal conduct rendered her untrustworthy or to show that she had contradicted herself. As the district court observed, the State was not attempting to prove Gil less credible because she had committed a crime showing that she was, as a general matter, dishonest. Rather, the State was trying to question Gil's honesty about the presence of paraphernalia in the home because she had previously admitted possessing paraphernalia in the home, on that day. Accordingly, because the impeachment used in this case is not the type of impeachment governed by I.R.E. 609, the provisions governing the use of convictions pursuant to that rule are inapplicable. Instead, the evidence was adduced to show a contradiction and Kubat does not present any argument that the evidence could not be considered for that purpose.[6] *See generally* I.R.E. 613 (discussing the admissibility of prior

---

[5] Indeed, the analogous federal rule has been amended to account for this line of authority. Prior to 2006, the federal rule used the same wording as the Idaho rule, "attacking the credibility of a witness." In 2006, the wording was changed to "attacking a witness's character for truthfulness." The official comments to the 2006 amendment states that the change was made in response to the line of authority discussed above, especially *United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992).

[6] We note that error in the application of I.R.E. 613, if any, would be unpreserved for appeal. Accordingly, that issue is not properly before the Court. Therefore, we need not address the issues raised for the first time on appeal or during oral argument. In particular, we need not decide whether counsel was obligated to show the witness a document indicating that she had pleaded guilty, whether the guilty plea amounted to a "statement" within the meaning of I.R.E. 613, or whether Gil's guilty plea and testimony were sufficiently inconsistent. *But see* I.R.E. 613(a) ("In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time."); *United States v. Denetclaw*, 96 F.3d 454, 458 (10th Cir. 1996) (holding that a prior guilty plea is a "statement" within the meaning of the federal analogue to I.R.E. 613 and may be admissible, even when a conviction would not be admissible under the federal analog of

inconsistent statements); *State v. Koch*, 157 Idaho 89, 103, 334 P.3d 280, 294 (2014) ("A witness's credibility can be impeached by any party, including the party which called the witness. Idaho Rule of Evidence 613 allows the use of prior inconsistent out-of-court statements to impeach a witness.") (citations omitted).

## III.

## CONCLUSION

Kubat argues that this case was governed by I.R.E. 609. Like the district court, we conclude that this case falls outside of the scope of that rule, because the State was not asserting that Gil was generally dishonest as evidenced by her prior criminal conduct. Rather, the State was questioning Gil's credibility by showing the existence of inconsistent statements. Therefore, we affirm the judgment of conviction.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**

---

I.R.E. 609); *State v. Koch*, 157 Idaho 89, 334 P.3d 280, 295 (2014) (holding that the Idaho Supreme Court has not adopted a standard governing the requisite level of inconsistency, but declining to hold that absolute inconsistency is required, and citing various lower standards with approval).